Application of FEDERAL DEPOSIT INS. CORPORATION.

In re FORT GREENE NAT. BANK IN NEW YORK.

District Court, E. D. New York.

March 27, 1939.

Francis D. McGarey, of New York City, for Federal Deposit Ins. Corporation.

Samuel L. Miller, of New York City, for Stockholders' Committee and Oscar Weisblum, a stockholder.

William J. Block, of New York City, for George Van Houten, a stockholder.

Jacob Schechter, of New York City, a stockholder, in person.

Joseph F. Finkelstein, of New York City, and Waldemar J. Neumann, and Raymond P. McNulty, both of Brooklyn, N. Y., each for certain stockholders.

Alfred C. Turino, of Brooklyn, N. Y., a stockholder, in person.

Samuel A. Feir, of New York City, for Joseph M. Lotsch.

William Lurie, of New York City, for Seaboard Surety Co. and Glens Falls Indemnity Co.

George E. Beechwood, of Philadelphia, Pa., for Fidelity & Casualty Co.

William C. Chanler, Corp. Counsel, by David Du Vivier, Asst. Corp. Counsel, both of New York City, for City of New York.

BYERS, District Judge.

This is an application by Federal Deposit Insurance Corporation, as Receiver of Fort Greene National Bank in New York, for leave to surrender certain whiskey warehouse receipts to Surety Companies—sureties on import bonds, issued in connection with the subject-matter of the receipts.

The petitioner procured an order to show cause, which appeared on the calendar on December 14, 1938, on which day certain testimony was taken; further hearings were held as follows: December 15 and December 22, 1938, and January 20, 1939.

The only opposition voiced was on behalf of stockholders of the bank against whom the statutory assessment has been levied, and their position was that the whiskey could be sold to the advantage of the receiver; and, if not, that the Surety Companies to whom the receiver wishes to surrender the certificates should not be put in the way of being favored by the proposed arrangement.

In the belief that the warehouse receipts, which constitute collateral to a loan or series of loans made by the bank, should not be abandoned unless they could not be realized upon through public sale, I suggested that such be undertaken.

The attorney for the receiver has made earnest efforts to that end, but seemingly this is one form of collateral which is not marketable as such, because of restrictions pertaining to the liquor industry, and hence the efforts have come to nothing.

The receiver asserts in his petition, that the proposed abandonment of the collateral will be of benefit to the trust estate, because the claim has been asserted informally, that as the result of certain conduct upon the part of one or more of the officers of the bank, such dominion over the whiskey itself was asserted or attempted to be exercised, as to give rise to a possible liability for a part of the warehouse charges which have accrued against the merchandise. That the Surety Companies are willing to protect the receiver against such asserted claims, thus saving the estate the legal expenses of a contest, even if liability should ultimately not be established.

At the last hearing, all papers were ordered to be filed by January 27th, although some seem to have been received

as late as February 7th. For some reason not now clear, the file was not delivered to me until March 22nd, which explains, but perhaps does not excuse, the delay in decision.

The practical aspect of the matter continues to be the market value of the whiskey. No proof, or attempted proof, has been offered to indicate that the receiver can sell the whiskey at a price which will meet the duty and accumulated charges.

Even the lapse of time since February 7th has not served to stimulate any such showing.

The sole opposition, as deciphered from the affidavits and memoranda of stockholders, is to the effect that the Surety Companies must have something to gain by their offer, and at all hazards such a result should be frustrated. That is scarcely constructive or convincing.

The petitioner asserts that the due and proper administration of his trust prompts him to seek confirmation by the court of an application which has the sanction of the Acting Comptroller of the Currency, and in the absence of a meritorious showing of facts to the effect that this departmental action is legally or morally wrong, it is thought that the application must be granted.

Settle order on 3 days notice.